IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 4:23-mj-84 |
| v. | ) | |
| | ) | |
| JOSIAH T. LANDROM | ) | |
| | ) | |
| Defendant. | ) | |

## **PROPOSED JURY INSTRUCTIONS**

The United States of America, by undersigned counsel, respectfully requests the

Court to include in its charge to the jury the following instructions and such other instructions

as may become appropriate during the course of the trial.

Respectfully submitted,

JESSICA D. ABER
United States Attorney

By: _____
Justin Adams, Attorney
United States Army JAG Corps
Fort Eustis OSJA
2732 Madison Avenue
Fort Eustis, VA 23604
Telephone:  (757) 751-4238
Email:  justin.g.adams9.mil@army.mil

## I. General Instructions

| No. | Subject | Legal Authority |
| --- | --- | --- |
| 1. | Introduction to the Final Charge—Province of the Court and the Jury | O'Malley (6th ed.) § 12.01 |
| 2. | Judging the Evidence | O'Malley (6th ed.) § 12.02 |
| 3. | Evidence Received in the Case—Stipulations, Judicial Notice, and Inferences Permitted | O'Malley (6th ed.) § 12.03 |
| 4. | Direct and Circumstantial Evidence | O'Malley (6th ed.) § 12.04 |
| 5. | Inferences from the Evidence | O'Malley (6th ed.) § 12.05 |
| 6. | Jury's Recollection Controls | O'Malley (6th ed.) § 12.07 |
| 7. | Objections and Rulings | O'Malley (6th ed.) § 11.03 |
| 8. | Court's Comments to Counsel | O'Malley (6th ed.) § 11.04 |
| 9. | Court's Questions to Witnesses | O'Malley (6th ed.) § 11.05 |
| 10. | Court's Comments on Certain Evidence | O'Malley (6th ed.) § 11.06 |
| 11. | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | O'Malley (6th ed.) § 12.10 |
| 12. | The Criminal Information is Not Evidence | O'Malley (6th ed.) § 13.04 |
| 13. | Credibility of Witnesses—Generally | O'Malley (6th ed.) § 15.01 |
| 14. | Effect of the Defendant's Decision Not to Testify | O'Malley (6th ed.) § 15.14 |
| 15. | "On or About" – Explained | O'Malley (6th ed.) § 13.05 |
| 16. | The Nature of the Offense Charged | Criminal Information |
| 17. | The Statute Defining the Offense Charged | 18 U.S.C. § 113(a)(5) |
| 18. | Simple Assault – Defined | Case Law |
| 19. | The Essential Elements of the Offense Charged | Criminal Information |

20.   Special Maritime and Territorial Jurisdiction –
      Defined                                              18 U.S.C.§ 7

21.   Verdict – Election of Foreperson –                   O'Malley (6th ed.) § 20.01
      Duty to Deliberate – Unanimity –
      Punishment – Form of Verdict –

PROPOSED JURY INSTRUCTION NO. 1

**<u>Introduction to the Final Charge—Province of the Court and of the Jury</u>**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the court in these instructions, you, of course, are to be governed by the instructions given to you by the court.

You are not to single out any one instruction alone as stating the law but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the court just as it would be a violation of your sworn duty, as

the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the criminal information and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the court.

PROPOSED JURY INSTRUCTION NO. 2

## Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

PROPOSED JURY INSTRUCTION NO. 3

**<u>Evidence Received in the Case—Stipulations, Judicial Notice and Inferences Permitted</u>**

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—and all facts which may have been agreed to or stipulated, and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.

If the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded by you.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

PROPOSED JURY INSTRUCTION No. 4

**Direct and Circumstantial Evidence**

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

PROPOSED JURY INSTRUCTION NO. 5

**<u>Inferences from the Evidence</u>**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

PROPOSED JURY INSTRUCTION NO. 6

**<u>Jury's Recollection Controls</u>**

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

PROPOSED JURY INSTRUCTION NO. 7

## **Objections and Rulings**

Testimony and/or an exhibit can be admitted into evidence during trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

PROPOSED JURY INSTRUCTION NO. 8

**<u>Court's Comments to Counsel</u>**

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure. You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

PROPOSED JURY INSTRUCTION NO. 9

**<u>Court's questions to witnesses</u>**

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.

PROPOSED JURY INSTRUCTION NO. 10

## Court's Comments on Certain Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

PROPOSED JURY INSTRUCTION NO. 11

**Presumption of Innocence, Burden of Proof—Reasonable Doubt**

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus, the defendant, although accused of crimes in the Criminal Information, begins the trial with a "clean slate"—with no evidence against him. The Criminal Information as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden of proof is upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that defendant is guilty of the charge, it must acquit.

PROPOSED JURY INSTRUCTION No. 12

## The Criminal Information is Not Evidence

A criminal information is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the defendant.

PROPOSED JURY INSTRUCTION No. 13

**<u>Credibility of Witnesses—Generally</u>**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident, or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness,

you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

PROPOSED JURY INSTRUCTION NO. 14

**<u>Effect of the Defendant's Decision Not to Testify</u>**

The defendant in a criminal case has an absolute right under our constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

PROPOSED JURY INSTRUCTION NO. 15

**"On or About"—Explained**

The criminal information charges that the offense alleged in the criminal information were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the criminal information, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

PROPOSED JURY INSTRUCTION NO. 16

**The Nature of the Offense Charged (Simple Assault within Maritime and Territorial Jurisdiction)**

Count One of the Criminal Information charges that on or about September 26, 2023, at Fort Eustis, Virginia, on lands acquired for the use of the United States, within the special maritime and jurisdiction of this court, in the Eastern District of Virginia, JOSIAH T. LANDROM did unlawfully assault E.R.H., an individual who had not attained the age of 16 years, by grabbing, restraining and pulling the hair of E.R.H. about the head and body with his hands. In violation of Title 18, United States Code, Section 113(a)(5).

PROPOSED JURY INSTRUCTION NO. 17

## **The Statute Defining the Offense Charged**

Section 113(a)(5) of Title 18 of the United States Code provides, in part:

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of simple assault, . . . if the victim of the assault is an individual who has not attained the age of 16 years, shall be punished by a fine under this title or imprisonment for not more than 1 year, or both."

PROPOSED JURY INSTRUCTION NO. 18

## Simple Assault – Defined

The term "simple assault" is not defined in Title 18 U.S.C. § 113(a)(5), but courts that have considered the issue have interpreted the term to embody the common law definition of simple assault, and concluded that in a prosecution for simple assault under Title 18 U.S.C. § 113(a)(5), it is sufficient to show that the defendant deliberately touched another in a patently offensive manner without justification or excuse.

PROPOSED JURY INSTRUCTION NO. 19

## The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of simple assault as charged in the Criminal Information, the government must prove the following essential elements beyond a reasonable doubt:

One:   the Defendant assaulted E.R.H.,

Two:   E.R.H. had not attained the age of 16 years,

Three: The assault occurred on Fort Eustis, on lands acquired for the use of the United States, within the special maritime and territorial jurisdiction of this Court.

If you find from the evidence that the Government has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty.

PROPOSED JURY INSTRUCTION  20

**Special Maritime and Territorial Jurisdiction of the United States - Defined**

A "special maritime and territorial jurisdiction of the United States", is defined in pertinent part, as the following:

The term "special maritime and territorial jurisdiction of the United States", as used in this title, includes: . . .

. . . **(3)** Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building. . .

Fort Eustis is a United States Army Base, and is therefore under the special maritime and territorial jurisdiction of the United States.

PROPOSED JURY INSTRUCTION 21

### Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication With the Court

Upon retiring to the jury room to begin your deliberation, you will elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdicts must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdicts should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation

as to what verdict I think you should return. What the verdicts shall be are the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Criminal Information is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at impartial verdicts as to the offenses charged.

A form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note that the court security officer, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.