IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 4:23mj84 |
| | ) | |
| JOSIAH T. LANDROM, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS WITHOUT AUTHORITIES**

The defendant, by undersigned counsel, submits the attached proposed jury instructions,

without authorities, for inclusion by the Court in its charge to the jury.


Respectfully submitted,

JOSIAH T. LANDROM


By:       _____/s/_____
          Virginia Bare
          Assistant Federal Public Defender
          Member of the Maryland Bar
          Amanda Conner
          Virginia Bar # 88317
          Attorneys for Josiah T. Landrom
          Office of the Federal Public Defender
          500 East Main Street, Suite 500
          Norfolk, Virginia 23510
          Telephone: 757-457-0800
          Facsimile: 757-457-0880
          Email Addresses: ginnie_bare@fd.org
                           amanda_conner@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of February, 2024, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following

> Justin G. Adams
> Attorney for the Government
> United States Attorney's Office
> 2732 Madison Avenue
> Fort Eustis, Virginia 23604
> Phone: (757) 878-5973
> Fax: (757) 878-3442
> Justin.g.adams9.mil@army.mil

By:         /s/

Virginia Bare
Assistant Federal Public Defender
Member of the Maryland Bar
Amanda Conner
Virginia Bar # 88317
Attorneys for Josiah T. Landrom
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0800
Facsimile: 757-457-0880
Email Address: ginnie_bare@fd.org
amanda_conner@fd.org

JURY INSTRUCTION INDEX
*United States v. Josiah T. Landrom*
Criminal No. 4:23mj84

| No. | Description | Authority |
|---|---|---|
| 1 | Objections and Rulings | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:03 (6th ed. 2024), *available* at Westlaw Edge |
| 2 | Court's Questions to Witnesses | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 11:05 (6th ed. 2024), *available* at Westlaw Edge |
| 3 | Judging the Evidence | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:02 (6th ed. 2024), *available* at Westlaw Edge |
| 4 | Evidence Received in the Case–Stipulations, Judicial Notice, and Inferences Permitted | 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:03 (6th ed. 2024), *available* at Westlaw Edge; Model Criminal Jury Instructions, Eighth Circuit: Instruction No. 3.03 (modified) (2021), *available* at Westlaw Edge |
| 5 | Direct and Circumstantial Evidence | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:04 (6th ed. 2024), *available* at Westlaw Edge |
| 6 | Inferences from the Evidence | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:05 (6th ed. 2024), *available* at Westlaw Edge |
| 7 | Jury's Recollection Controls | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:07 (6th ed. 2024), *available* at Westlaw Edge |
| 8 | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 12:10 (6th ed. 2024), *available* at Westlaw Edge |
| 9 | The Indictment is Not Evidence | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 13:04 (6th ed. 2024), *available* at Westlaw Edge |

| No. | Description | Authority |
|-----|-------------|-----------|
| 10 | Credibility of Witnesses--Generally | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:01 (6th ed. 2024), *available* at Westlaw Edge |
| 11 | Law Enforcement Witnesses | *Modern Federal Jury* Instructions–Criminal, Chapter 7, Instruction No.  7-16, (modified) *available* at Lexis Plus |
| 12 | Credibility of Witnesses--The Defendant As A Witness | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal §15:12 (6th ed. 2024), available at Westlaw Edge |
| 13 | Number of Witnesses Called is Not Controlling | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 14:16 (6th ed.  2023), *available* at Westlaw Edge |
| 14 | Effect of Defendant's Decision Not to Testify | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 15:14 (6th ed. 2024), *available* at Westlaw Edge |
| 15 | The Nature of the Offense Charged– Count One – (18 U.S.C. § 113(a)(5)) | Criminal Information |
| 16 | The Statute Defining the Offense Charged–Count One | 2A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 39.08 (6th ed. 2024), *available* at Westlaw Edge |
| 17 | The Essential Elements of the Offense Charged–Count One | AUTHORITY: S2 Modern Federal Jury Instructions-Criminal 6.18.113(5) (modified). The original instruction states: "'Assault'" means any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in reasonable fear of immediate bodily harm *or* any intentional and voluntary harmful and offensive touching of another person without justification or excuse." S2 Modern Federal Jury Instructions-Criminal 6.18.113(5) (emphasis added). This modified instruction removes the inapplicable first alternative theory (intent or threat to injure) to better align with the government's theory of assault in this case. *See* ECF. No. 20, at 24 (defining assault as "it is sufficient to show that the defendant deliberately touched another in a patently offensive maimer without justification or excuse."). |

| No. | Description | Authority |
|---|---|---|
| 18 | "Assault" Defined | S2 Modern Federal Jury Instructions-Criminal 6.18.113(5) (modified) |
| 19 | "Within the special maritime and territorial jurisdiction of the United States"–Defined | Title 18, United States Code, Section 7(3) |
| 20 | Verdict–Election of Foreperson–Duty to Deliberate–Unanimity–Punishment–Form of Verdict–Communication with the Court | 1A O'Malley, *et al.*, *Federal Jury Practice and Instructions*: Criminal § 20:01 (6th ed. 2024), *available* at Westlaw Edge |

JURY INSTRUCTION NO.

## **OBJECTIONS AND RULINGS**

TESTIMONY AND/OR AN EXHIBIT CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS.  IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW.  ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.  YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE.  I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF TESTIMONY OR EXHIBIT.

JURY INSTRUCTION NO.

**<u>COURT'S QUESTIONS TO WITNESSES</u>**

DURING THE COURSE OF A TRIAL, I MAY OCCASIONALLY ASK QUESTIONS OF A WITNESS.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE.  THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER--NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

JURY INSTRUCTION NO.

**JUDGING THE EVIDENCE**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE.  YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE.  USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE THE EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.  IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT.  REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

AUTHORITY:  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions:* Criminal § 12:02 (6th ed. 2024), *available* at Westlaw Edge.

JURY INSTRUCTION NO.

**<u>EVIDENCE RECEIVED IN THE CASE--STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED</u>**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES - - REGARDLESS OF WHO MAY HAVE CALLED THEM - - ALL EXHIBITS RECEIVED IN EVIDENCE - - REGARDLESS OF WHO MAY HAVE PRODUCED THEM - - ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED; AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THAT STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVEN.

THE COURT HAS TAKEN JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS. WHEN THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED.  ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED BY YOU.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE.

IF YOU WERE INSTRUCTED THAT SOME EVIDENCE WAS RECEIVED FOR A LIMITED PURPOSE ONLY, YOU MUST FOLLOW THAT INSTRUCTION.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE.  IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS.  IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED.  YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

JURY INSTRUCTION NO.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

THERE ARE TWO TYPES OF EVIDENCE WHICH ARE GENERALLY PRESENTED DURING A TRIAL--DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE.  DIRECT EVIDENCE IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS TO HAVE ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.  CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OF A FACT.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE.  YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE.

JURY INSTRUCTION NO.

**INFERENCES FROM THE EVIDENCE**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

JURY INSTRUCTION NO.

**<u>JURY'S RECOLLECTION CONTROLS</u>**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

JURY INSTRUCTION NO.

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

I INSTRUCT YOU THAT YOU MUST PRESUME THE DEFENDANT TO BE INNOCENT OF THE CRIMES CHARGED.  THUS THE DEFENDANT, ALTHOUGH ACCUSED OF CRIMES IN THE CRIMINAL INFORMATION, BEGINS THE TRIAL WITH A "CLEAN SLATE"--WITH NO EVIDENCE AGAINST HIM.  THE CRIMINAL INFORMATION, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND.  THE DEFENDANT IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE CRIMINAL INFORMATION.  THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE DEFENDANT.  THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT.

THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.  THE TEST IS ONE OF REASONABLE DOUBT.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT HAS COMMITTED EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED IN THE CRIMINAL INFORMATION, YOU MUST FIND THE DEFENDANT NOT GUILTY OF THE OFFENSE.  IF THE JURY VIEWS THE EVIDENCE IN THE CASE AS

REASONABLY PERMITTING EITHER OF TWO CONCLUSIONS--ONE OF INNOCENCE,

THE OTHER OF GUILT--THE JURY MUST, OF COURSE, ADOPT THE CONCLUSION OF

INNOCENCE.

JURY INSTRUCTION NO.

**<u>THE CRIMINAL INFORMATION IS NOT EVIDENCE</u>**

A CRIMINAL INFORMATION IS ONLY A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME. IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANT. THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIME CHARGED. EVEN THOUGH THIS CRIMNAL INFORMATION HAS BEEN RETURNED AGAINST THE DEFENDANT, THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

DEFENDANT HAS PLED "NOT GUILTY" TO THIS CRIMINAL INFORMATION AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGE.

JURY INSTRUCTION NO.

**<u>CREDIBILITY OF WITNESSES -- GENERALLY</u>**

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT, IF ANY, THAT THEIR TESTIMONY DESERVES. AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF. CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND. CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY.  INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES.  YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGE BEYOND A REASONABLE DOUBT.

THE TESTIMONY OF A DEFENDANT SHOULD BE JUDGED IN THE SAME MANNER AS THE TESTIMONY OF ANY OTHER WITNESS.

JURY INSTRUCTION NO.

**<u>NUMBER OF WITNESSES CALLED IS NOT CONTROLLING</u>**

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY. YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU CHOOSE TO BELIEVE OR NOT BELIEVE. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE CREDIBLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

JURY INSTRUCTION NO.

**<u>LAW ENFORCEMENT WITNESSES</u>**

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS.  THE FACT THAT A WITNESS MAY BE EMPLOYED BY THE GOVERNMENT AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT HIS TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

JURY INSTRUCTION NO.

**<u>CREDIBILITY OF WITNESSES--THE DEFENDANT AS A WITNESS</u>**

YOU SHOULD JUDGE THE TESTIMONY OF THE DEFENDANT IN THE SAME MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.

JURY INSTRUCTION NO.

## **EFFECT OF THE DEFENDANT'S DECISION NOT TO TESTIFY**

THE DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT THE DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT.  NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT THE DEFENDANT DECIDED TO EXERCISE HIS PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

JURY INSTRUCTION NO.

**THE NATURE OF THE OFFENSE CHARGED–COUNT ONE**

**COUNT ONE** OF THE CRIMINAL INFORMATION CHARGES THAT ON OR ABOUT SEPTEMBER 26, 2023, AT FORT EUSTIS, VIRGINIA, ON LANDS ACQUIRED FOR THE USE OF THE UNITED STATES, WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THIS COURT, IN THE EASTERN DISTRICT OF VIRGINIA, JOSIAH T. LANDROM, DID UNLAWFULLY ASSAULT E.R.H., AN INDIVIDUAL WHO HAD NOT ATTAINED THE AGE OF 16 YEARS, BY GRABBING, RESTRAINING AND PULLING THE HAIR OF E.R.H. ABOUT THE HEAD AND BODY WITH HIS HANDS (IN VIOLATION OF TITLE 18 UNITED STATES CODE, SECTION 113(A)(5).

JURY INSTRUCTION NO.

**THE STATUTE DEFINING THE OFFENSE CHARGED–COUNT ONE**

SECTION 113(A)(5) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT:

"WHOEVER, WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES… COMMITS AN ASSAULT… OF AN INDIVIDUAL WHO HAS NOT ATTAINED THE AGE OF 16 YEARS…

SHALL BE GUILTY OF ASSAULT."

JURY INSTRUCTION NO.

## **THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED–COUNT ONE**

THE CRIME OF SIMPLE ASSAULT [OF AN INDIVIDUAL WHO HAS NOT ATTAINED THE AGE OF 16 YEARS], AS CHARGED IN COUNT ONE OF THE CRIMINAL INFORMATION, HAS THREE ELEMENTS:

**ONE**, ON OR ABOUT SEPTEMBER 26, 2023, THE DEFENDANT ASSAULTED E.R.H;

**TWO**, THE ASSAULT HAPPENED AT FORT EUSTIS, VIRGINIA, ON LANDS ACQUIRED FOR THE USE OF THE UNITED STATES, WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THIS COURT, IN THE EASTERN DISTRICT OF VIRGINIA;

**THREE**, E.R.H. HAD NOT REACHED THE AGE OF 16 AT THE TIME OF THE ASSAULT;

JURY INSTRUCTION NO.

**<u>"ASSAULT" DEFINED</u>**

"ASSAULT" MEANS ANY INTENTIONAL AND VOLUNTARY HARMFUL AND OFFENSIVE TOUCHING OF ANOTHER PERSON WITHOUT JUSTIFICATION OR EXCUSE.

JURY INSTRUCTION NO.

**"WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE**

**UNITED STATES: -- DEFINED**

THE TERM "SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE

UNITED STATES" INCLUDES:

ANY LANDS RESERVED OR ACQUIRED FOR THE USE OF THE UNITED

STATES, AND UNDER THE EXCLUSIVE OR CONCURRENT JURISDICTION

THEREOF, OR ANY PLACE PURCHASED OR OTHERWISE ACQUIRED BY

THE UNITED STATES BY CONSENT OF THE LEGISLATURE OF THE STATE

IN WHICH THE SAME SHALL BE, FOR THE ERECTION OF A FORT,

MAGAZINE, ARSENAL, DOCKYARD, OR OTHER NEEDFUL BUILDING.

JURY INSTRUCTION NO.

**VERDICT--ELECTION OF FOREPERSON--DUTY TO DELIBERATE--UNANIMITY--PUNISHMENT--FORM OF VERDICT--COMMUNICATION WITH THE COURT**

UPON RETIRING TO THE JURY ROOM TO BEGIN YOUR DELIBERATION, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.  YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.  DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF THEREBY BEING ABLE TO RETURN A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS.  YOU ARE JUDGES--JUDGES OF THE FACTS OF THIS CASE.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.YOUR VERDICT

MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.  NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED.  NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE.  NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT, WHICH HAS BEEN PREPARED FOR YOUR CONVENIENCE, IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.  WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.  AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSES CHARGED IN THE CRIMINAL INFORMATION IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT AN IMPARTIAL VERDICT AS TO THE OFFENSES CHARGED.

A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

**[PLEASE READ THE FORM OF VERDICT TO THE JURY]**

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICT, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE COURT

SECURITY OFFICER. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

YOU WILL NOTE THAT THE COURT SECURITY OFFICER, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON-- NOT EVEN TO THE COURT--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.